# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-24-00370-CV

---

**M. C., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

### FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-21-004910, THE HONORABLE AURORA MARTINEZ-JONES, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

M.C. ("Mother") appeals from the trial court's order terminating her parental rights to her daughter S.T.[1] After a bench trial, the trial court rendered judgment finding by clear and convincing evidence that Mother failed to comply with the provisions of a court order establishing the actions necessary for her to obtain custody of S.T. again and that termination was in S.T.'s best interests. *See* Tex. Fam. Code § 161.002(b)(1)(O), (b)(2).

Mother's court-appointed counsel has filed a brief concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeals from termination of parental rights because it "strikes an important balance between the

---

[1] For S.T.'s privacy, we will refer to her by her initials and to her family members by their relationships to S.T. *See* Tex. R. App. P. 9.8. The parental rights of S.T.'s father also were terminated, but he is not a party to this appeal.

defendant's constitutional right to counsel on appeal and counsel's obligation not to prosecute frivolous appeals" (citations omitted)). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. *See* 386 U.S. at 744; *Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in parental-termination case). Mother's counsel has certified to this Court that he has provided Mother with a copy of the *Anders* brief and informed Mother of her right to receive a copy of the entire appellate record and file a pro se brief. The Department of Family and Protective Services has filed a response to the *Anders* brief, waiving its right to file an appellee's brief. To date, Mother has not filed a pro se brief.

We have conducted a full examination of all of the proceedings to determine whether the appeal is wholly frivolous, as we must when presented with an *Anders* brief. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988). After reviewing the record and the *Anders* brief, we find nothing in the record that would arguably support Mother's appeal. We agree with Mother's counsel that the appeal is frivolous and without merit. Accordingly, we affirm the trial court's order terminating Mother's parental rights.[2]

---

[2] The Texas Supreme Court has held that the right to counsel in suits seeking termination of parental rights extends to "all proceedings [in the Texas Supreme Court], including the filing of a petition for review." *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam). Accordingly, counsel's obligations to Mother have not yet been discharged. *See id.* If after consulting with counsel Mother desires to file a petition for review, her counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 28.

_____

Thomas J. Baker, Justice

Before Justices Baker, Smith, and Theofanis

Affirmed

Filed:   September 17, 2024